## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:06CR00068-002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DONALD RAY ROSENBAUM, JR.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Andrea Lantz Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*[1]

Donald Ray Rosenbaum, Jr.,  previously sentenced by this court, has filed a motion seeking early termination of his supervised release.  The government objects to such release.  For the reasons that follow, the motion will be denied.

On July 9, 2007, Mr. Rosenbaum pled guilty pursuant to a written plea agreement to conspiring to possess with the intent to distribute and distribute 500 grams or more of a mixture of substance containing methamphetamine, in violation of  21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), as well as possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Seven).  On October 23, 2007, he was sentenced to a total term of 248 months,

---

[1]    The court thanks Chase Gunter, a third-year student in the Federal Sentence Reduction  Clinic at the University of Virginia School of Law, for his assistance on behalf of Mr. Rosenbaum.

consisting of 188 months on Count One, to be followed by 60 months on Count Seven.  The court directed that upon release from imprisonment, he be placed on supervised release for five years.  On February 10, 2015, the court exercised its discretion under 18 U.S.C. § 3582(c)(2), as allowed by the retroactive Amendment 782 to the Sentencing Guidelines Manual, and sua sponte reduced Mr. Rosenbaum's sentence to a total of 211 months, consisting of  151 months on Count One and 60 consecutive months on Court Seven.

In 2020, Mr. Rosenbaum filed a pro se motion to reduce his sentence pursuant to newly amended provisions of 28 U.S.C. § 3582(c)(1)(A).  At that time his projected release date was January 19, 2022.  The court appointed the Federal Public Defender to represent Mr. Rosenbaum and a supplemental motion was filed by counsel, asserting that Mr. Rosenbaum suffered from serious health concerns that made him a high risk for severe illness from COVID-19, thus qualifying as an extraordinary and compelling circumstance supporting the requested compassionate release.  Suppl. Mot. 1, ECF No. 136.  The United States opposed release arguing, among other things, that Mr. Rosenbaum's crime and history weighted against release.  The government pointed out that he had been involved in a large drug distribution conspiracy in this case, having obtained and distributed himself over 16 kilograms of the methamphetamine and an undisclosed quantity of ecstasy, and that he had possessed firearms in furtherance of his drug dealing.  The authorities had

found two loaded firearms at his home, one of which had been stolen, and numerous guns at another residence.  The government also argued that the record showed that he had engaged in repeated misconduct while imprisoned. Nevertheless, the court granted Mr. Rosenbaum's motion and by Order entered August 10, 2020, reduced his total sentence to time served, but retaining his five-year term of supervision, and including that as a condition of supervision upon his release, he serve a term of four months of home incarceration.  Thereafter, on his motion,  the court eased the requirements of his four months of home incarceration, allowing him to obtain employment.

Mr. Rosenbaum has served only about half of his five-year term of supervision.  It is urged that his supervision be terminated "given [his] small and non-violent disciplinary record while in prison, and more recently, his clean record while on supervision."  Mot. 6, ECF No. 148.  It is further argued that early termination "would also allow him the opportunity to continue to progress along in his career and to prepare for his upcoming wedding without the additional burden of supervised release."  *Id.*  The details of any such burdens as they relate to his job or wedding plans are not given.[2]

---

[2]  The defendant also cites to the United States Judicial Conference in its statement of the administrative policy governing recommendations for early termination of supervision.  *Guide to Judiciary Policy*, Vol. 8, Part E, § 360.20(b), (c).  This policy statement "provide[s] probation officers with a framework for when it is appropriate to *recommend* early termination of supervised release to district courts." *United States v.*

Pursuant to 18 U.S.C. § 3583(e)(1), the court may terminate a defendant's term of supervision if the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  Nevertheless, "[T]he inquiry is broader than the individual's conduct. . . . Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination."  *United States v. Thompson*, No. 5:03-CR-30113, 2022 WL 16822483, at *2 (W.D. Va. Nov. 8, 2022) (internal quotation marks and citations omitted).  The court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the need to afford adequate deterrence to criminal conduct.  18 U.S.C. § 3583(e) (referencing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)).

Even accepting that Mr. Rosenbaum has performed well on supervision, I cannot find that the interest of justice warrants termination in this case.  The defendant was convicted of a very serious crime and the term of supervision was imposed, in part, to reflect the serious nature of that crime.  *See* 18 U.S.C. §§ 3553(a)(2)(A), 3583(c).   I find that to terminate that term would not be in the interest of justice.

---

*Fattah*, No. 21-3177, 2022 WL 2437846, at *3 (3d Cir. July 5, 2022) (unpublished).  While I may consider that policy, as I have, it does not control the court's discretion. *Id.*

-5-

Accordingly, the Motion for Early Termination of Supervised Release, ECF No. 148, is DENIED.

It is so **ORDERED**.

ENTER:   November 29, 2022

/s/  JAMES P. JONES
Senior United States District Judge